IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 96-40044
Summary Calendar
_____

NORRIS HICKS,

Plaintiff-Appellant,

versus

UNITED STATES OF AMERICA; STATE
OF TEXAS; COUNTY OF BEE; JOANN
DAVIS; LESLIE WOODS,

Defendants-Appellees.

- - - - - - - - - -
Appeal from the United States District Court
for the Southern District of Texas
USDC No. C-94-95
- - - - - - - - - -
August 6, 1996

Before SMITH, DUHÉ, and BARKSDALE, Circuit Judges.

PER CURIAM:[*]

Norris Hicks, Texas prisoner #505593, appeals the 28 U.S.C. § 1915 dismissal of his 42 U.S.C. § 1983 action as frivolous. The dismissal followed remand after Hicks' first appeal.

Hicks contends that the court abused its discretion in not addressing his denial-of-access-to-the-courts claim. On the contrary, the court addressed the claim prior to the first appeal,

_____

[*] Pursuant to Local Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in Local Rule 47.5.4.

and this court affirmed its dismissal.  **Hicks v. United States**, No. 94-60677 (5th Cir. April 3, 1995)(unpublished).

Hicks maintains that the district court abused its discretion in not addressing his pendent state law claim and his claim that appellees violated the **Ruiz**[**] consent decree.  But, the district court has discretion whether to review pendent state law claims, **Gregory v. Mitchell**, 634 F.2d 199, 202 (5th Cir. 1981); and, the **Ruiz** consent decree claim is not cognizable under § 1983, *see* **Green v. McKaskle**, 788 F.2d 1116, 1117-18 (5th Cir. 1986).

Hicks also asserts that the district court abused its discretion in dismissing his claims regarding his placement in lockdown and solitary confinement and his claim that the conditions during the lockdown constituted cruel and unusual punishment.  We have reviewed the record and the district court's opinion and find no abuse of discretion.  *See* **Denton v. Hernandez**, 504 U.S. 25, 31-32 (1992).  *See also* **Sandin v. Conner**, __ U.S. __, 115 S. Ct. 2293 (1995).

Accordingly, we conclude that this appeal lacks merit for essentially the reasons given by the district court.  **Hicks v. United States**, No. C-94-95 (S.D. Tex. Dec. 27, 1995).  In that this

---

[**] **Ruiz v. Estelle**, 503 F. Supp. 1265 (S.D. Tex. 1980), *rev'd in part*, 679 F.2d 1115 (5th Cir.), *vacated in part*, 688 F.2d 266 (5th Cir. 1982), *cert. denied*, 460 U.S. 1042 (1983).

- 2 -

appeal is without arguable merit it is frivolous.  ***Howard v. King***, 707 F.2d 215, 219-20 (5th Cir. 1983).  Accordingly, it is **DISMISSED**.  5th Cir. R. 42.2.  We note that, in an unrelated appeal, our court warned Hicks recently that sanctions will result from future frivolous appeals.  ***Hicks v. United States***, No. 96-40001 (5th Cir. May 15, 1996)(unpublished).  Because the instant appeal was filed and briefed before that warning, we impose no sanctions at this time.  The prior warning, however, retains its force.

*APPEAL DISMISSED; SANCTIONS WARNING REPEATED*